## DECLARATION OF GARY J. GORHAM

I, GARY J. GORHAM, declare as follows:

1.        I am an attorney at law duly qualified to practice before the Courts of the State of California and before this Court. I am a partner in Raskin Gorham Anderson Law, attorneys for Defendant MyLife.com, Inc. ("MyLife"). The facts stated herein are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2.        I submit this declaration to the Court regarding the parties' meet and confer efforts about MyLife's Motion to Compel Arbitration or alternatively, to Dismiss the First Amended Complaint based on the Communications Decency Act.

3.        Counsel for the parties met and conferred on November 23 and December 15, 2021 and further corresponded on November 26, 2021, November 29, 2021, December 16, 2021 and December 20, 2021 via telephone and email. True and correct copies of counsel's meet and confer correspondence are attached hereto as **Exhibit 4**.

4.        Because MyLife's records revealed that plaintiff James Uharriet is a registered user of MyLife who agreed to arbitrate any legal disputes with MyLife, and because the Complaint was a virtual mirror image of a class action already pending in Alameda Superior Court on behalf of a putative state-wide class, MyLife met and conferred about a potential motion to compel arbitration, or alternatively for abstention pursuant to the Colorado River Doctrine and the Home State Exception to the Class Action Fairness Act.

5.        Mr. Uharriet then filed a First Amended Complaint, adding new parties and new claims. To wit, plaintiffs Aviva Kellman, Alison Bockius and Karen Evans were added as parties, and the third, fourth, fifth and sixth Claims for Relief were added to the two claims in the initial Complaint.

6.      Counsel continued to meet and confer, about a potential motion to compel arbitration and a motion to dismiss based on the Communications Decency Act. The parties were unable to reach agreement on the issues.

7.      During our meet and confer efforts leading up to this Motion, Mr. Uharriet's counsel indicated that Mr. Uharriet never registered with MyLife, and that his counsel did so in his name.

8.      I downloaded from Pacer the docket in *Callahan v. PeopleConnect, Inc.*, United States District Court for the Northern District of California Case No. 3:20-cv-09203 (the "Callahan Action"). The Callahan Action is pending before Hon. Edward M. Chen. The Court in the Callahan Action denied a motion to compel arbitration on facts nearly identical to those at issue in this motion. See *Callahan v. PeopleConnect, Inc.*, 2021 U.S. Dist. LEXIS 1979161 (May 18, 2021), at *13-14. The Docket in the Callahan Action is attached hereto as **Exhibit 5**.  It shows that Judge Chen's decision has been appealed to the Ninth Circuit (Dkt. 47) and that the case was ordered stayed pending the outcome of appeal (Dkt. 88.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on December 23, 2021 at Los Angeles, California.

_____
Gary J. Gorham